
RECEIVED JUL 20 2018 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JASON ALSTON                                                                **PLAINTIFF**

v.                                        CIVIL ACTION NO. **4:18-CV-157-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC. D/B/A LUVEL;**

**HAROLD LEROY PAPEN;**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.;**

**BLYTHE K. LOLLAR;**

**AND TIMOTHY W. LINDSAY;**                                 **DEFENDANTS**

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Jason Alston, as pro se and without any undersigned counsel, file this, his Complaint against Defendants Prairie Farms Dairy, Inc. d/b/a LuVel, Harold Leroy Papen, Ogletree, Deakins, Nash, Smoak & Stewart, P. C., Blythe K. Lollar, and Timothy W. Lindsay as follows:

### THE PARTIES

1. Plaintiff, Jason Alston, is an African-American male who resides in Kosciusko, Attala County, Mississippi.

2. Defendant, Prairie Farms Dairy, Inc., d/b/a Luvel, (hereinafter "Defendant" or "Prairie Farms"), is a foreign corporation doing business in Mississippi and may be served with process through its Registered Agent, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

3. Defendant, Harold Leroy Papen (hereinafter "Defendant" or "Mr. Leroy") The Vice President of Human Resources and Labor Relations Prairie Farms Dairy, Inc. and

1.

may be served with process at the address 3744 Staunton Rd. Edwardsville, Illinois, 62025.

4. Defendant, Ogletree, Deakins, Nash, Smoak & Stewart, P. C. (hereinafter "Defendant" or "The Law Firm") is a Professional Corporation doing business in Mississippi and may be served with process through its Registered Agent, CT Corporation System, 645 LAKELAND EAST DRIVE, Suite 101, Flowood, Mississippi, 39232.

5. Defendant, Blythe K. Lollar (hereinafter "Defendant" or Lollar) is an individual and an attorney licensed to practice law in Mississippi and may be served with process at 207 West Jackson Street, Suite 200 | Ridgeland, MS 39157.

6. Defendant Timothy W. Lindsay (hereinafter "Defendant" or "Lindsay") is an individual and an attorney licensed to practice law in Mississippi and may be served with process at 207 West Jackson Street, Suite 200 | Ridgeland, MS 39157.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 28 U.S.C. § 4101. This Court has jurisdiction over Plaintiff's Claims under 28 U.S.C. § 1331 (federal question).

8. Jurisdiction and venue are proper in this Court because a substantial acts or omissions giving rise to this litigation occurred within United States District Court for the Northern District of Mississippi.

9. Plaintiff resides in Kosciusko, Attala County, Mississippi and defendants conducts business in Attala County, Mississippi.

10. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

11. At all times Defendants relevant, each Defendant was the agent, representative, and/ or employee of each of the other Defendants, and that in doing the things hereinafter alleged, each defendant was acting within the course and scope of his or her or their authority as such agents, representative and/ or employee, with the permission, knowledge, consent of each of the Defendants.

## STATEMENT OF FACT

12. Jason Alston (hereinafter "Plaintiff" or "Mr. Alston") was employed by Prairie Farms, as a "trailer man" in the Company cooler with responsibilities of loading trucks with dairy for delivery to customers, from approximately October 26, 2015 through November 5, 2015 until his wrongful discharge in 2015.

13. Rodney Smith ("Mr. Smith") is a Plant Manager for Prairie Farms, Brad Hutchison ("Mr. Hutchison") is a currently a Route Sales Driver for Prairie Farms, but during plaintiff employment with Prairie Farms on the date of October 2015, Mr. Hutchison was a Cooler Manager for Prairie Farms. Donny Riley ("Mr. Riley") is a Cooler Manager for Prairie Farms.

14. Prairie Farms has surveillance cameras throughout the facility inside and outside.

15. A carousel type mechanism brings cases of product from the facility to the loading area and other hydraulic machines, commonly referred to as "pushers" pass the case to the trailer man inside the trucks for loading.

16. Plaintiff applied in person on October 5, 2015 and was interviewed the same day- first by Mr. Hutchison and then Mr. Smith.

3.

17. Plaintiff worked on the evening shift and the plaintiff evening shift Cooler Supervisor was Mr. Riley who supervised the plaintiff day to day performance and was responsible for his Training.

18. Retail, Wholesale and Department Store Union AFL-CIO (hereinafter "Defendant" or "The Union") is a labor organization doing business in Kosciusko, Mississippi with Prairie Farms.

19. Prairie Farms has a Collective Bargaining Agreement ("CBA") with The Union and must follow this CBA when deciding to terminate an employee.

20. On or about November 4, 2015, Under the Supervision of Mr. Smith, Mr. Riley had the plaintiff working in raw sewage with no personal protection equipment (PPE) attempting to unclog the sewage drainage on the outside of facility, Mr. Riley told the plaintiff to be care not to step on a cover top that had Poison Do Not Touch that was just inches from the sewage drainage. Mr. Riley stated, "If you step on it, it will kill you dead".

21. On or about November 4, 2015, Mr. Riley sent the plaintiff inside the Prairie Farms Facility while cover in raw sewage to go find a bucket and the second time to look for Maintenance Man Prairie Farms employee James Mann. Prairie Farms employees Tim Lee, James Stewart, James Mcgrone, and James Mann are eyewitness to the Mr. Riley standing over plaintiff while the plaintiff was in raw sewage with no personal protection equipment (PPE). Later that night Mr. Riley and the plaintiff enter through a side door inside prairie farms facility, where Walmart product was getting loaded into a trailer,

4.

upon walking by Prairie Farms Supervisor LT Johnson ("Mr. Johnson") ask Mr. Riley what was that smell. Mr. Riley told Mr. Johnson he had the plaintiff out back unclogging a sewage drainage. Mr. Johnson fuss at Mr. Riley for bring the plaintiff inside the facility. Jerry Carter complain of this awful smell coming from the plaintiff clothing on this day to.

22. The CBA - Article IX states, No employee shall be discharged without just cause. Reason for dismissal to be stated in writing to the employee. It is agreed that, if the Company wished to discharge an employee, the Company shall give the employee at least (7) day notice.

23. On November 5, 2015, Mr. Alston was not given any notice prior to him been terminated by Mr. Hutchison on this day.

24. Prairie Farms Union Member Sammy Veasley ("Mr. Veasley"), Mr. Hutchison and Mr. Riley was the witness to Mr. Hutchison terminating the plaintiff on November 5, 2015. Mr. Hutchison refuse to give an explanation to the plaintiff and Union Member Mr. Veasley for his decision in firing the plaintiff.

25. On November 5, 2015, Mr. Veasley told plaintiff he asked Mr. Hutchison why are u firing the plaintiff before the plaintiff arrive and Mr. Hutchison could not tell him why he was firing the Plaintiff.

26. Mr. Alston was never reprimanded in writing prior to his termination.

5.

27. Mr. Alston was never reprimanded orally prior to his termination.

28. After, the plaintiff was terminated, the plaintiff filed for unemployment benefits with the Mississippi Department of Employment Security (hereinafter" MDES")

29. On or about November 17, 2015, MDES conduct an investigation into the reason for plaintiff termination with Prairie Farms.

30. On November 17, 2015, MDES called Prairie Farms twice about plaintiff's termination and Left Message On Voicemail and was Advised of Consequences. Prairie Farms fail to answer, respond or reschedule.

31. On MDES letter date November 25, 2015, it states, **we have investigated the claimant's eligibility for Unemployment Insurance benefits and determined that you have not shown that the claimant was discharged for misconduct connected with the work. Claimant is eligible for benefits on this separation.**

32. On November 11, 2015, Mr. Alston filed a Retaliation charge with the EEOC.

33. On letter dated December 15, 2015, Mr. Leroy respond on behalf of Prairie Farms to Ms. Wilma J, Scott for the EEOC and Mr. Leroy alleges the plaintiff was discharged during his probationary period on November 5, 2015 in accordance with the collective bargaining agreement with The Union Article XI. Mr. Leroy further alleges, **"the plaintiff was unable to keep up with his work assignments."**

6.

34. On December 13, 2016, Watson & Norris, pllc. filed a Complaint on behalf of the plaintiff against Prairie Farms. See Doc. # 1.

35. Prairie Farms hired The Law Firm. The law firm assign the case to their Attorneys Lollar And Lindsay with Lindsay as the lead Attorney.

36. On January 13, 2017 ANSWER to 1 Complaint by Prairie Farms Dairy, Inc. (Lindsay, Timothy) See Doc. # 5.

37. On November 14, 2017, Attorney Lollar and Attorney Lindsey submit to United States District Court for the Northern District of Mississippi to be published on the Federal Court Websites and the internet false statements of fact of **"poor performance", and "unable to meet the performance expectations of the position, negatively impacting Prairie Farms' operations** and **was not able to keep up with his work assignments is what lead to the plaintiff termination . See** Defendant's Motion for Summary Judgment and Memorandum in Support of Defendant's Motion for Summary Judgment with Exhibits. See Doc. # 43 and Doc. # 44 in Civil Action No.: 4: 16-cv-245-DMB-JMV.

38. Prairie Farms employees Harold Papen ("Mr. Leroy") Exhibit A, Mr. Hutchison Exhibit D, Mr. Smith (Exhibit C). (Mr. Riley Exhibit E), The Law Firm and its Attorneys Lollar and Lindsay manufactured and invent evidences which was not present at the filing of plaintiff's Complaint December 13, 2016. See Doc. # 1 in Civil Action No.: 4: 16-cv-245-DMB-JMV.

7.

and Attachment Exhibit A, D, C, E that is Attached to this Complaint.

Prairie Farms employees:

1. Declaration of Brad Hutchison is dated for November 7, 2017 (See Exhibit D)
2. Declaration of Rodney Smith is dated for November 7, 2017 (See Exhibit C)
3. Declaration of Donny Riley is dated for November 7, 2017 (See Exhibit E)
4. Harold Papen (Mr. Leroy) is November 13, 2017 See Exhibit ( Exhibit A)

39. Mr. Leroy intentional and/or reckless had disregard for the truth, and with actual malice, Inaccurately alleges "the plaintiff was unable to keep up with his work Assignments in the company response to the EEOC" in the month December 2015. Mr. Leroy letter is unsupported with speculation from his office from another state. See exhibit F.

40. On MDES letter date November 25, 2015, it states, **we have investigated the claimant's eligibility for Unemployment Insurance benefits and determined that you have not shown that the claimant was discharged for misconduct connected with the work. Claimant is eligible for benefits on this separation. (See exhibit B)**

COUNT I

**DEFAMATION**
(Against All Defendants)

41. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

42. Defendants published one or more oral and written false statements that were intended to impeach the plaintiff's honesty, integrity, and reputation.

8.

43. On November 14, 2017, Defendants published **"poor performance"**, and **"unable to meet the performance expectations of the position, negatively impacting Prairie Farms' operations** and **was not able to keep up with his work assignments is what lead to the plaintiff termination** on the Federal Court Website that also can be view by millions of people on Public Access to Court Electronic Records –PACER, COURT LISTENER, and many other website on the internet.

44. Defendants made these false and defamatory statements concerning Plaintiff to numerous third parties, including to his friends. Defendants made the false and defamatory statements of and concerning Plaintiff, Defendants knew or should have known that the statements regarding Plaintiff were false. Defendants made the false and defamatory statements with actual malice, that is, with reckless disregard for the truth or falsity of said statements.

45. Defendants published the defamatory statements knowing or recklessly disregarding that the statements were false. The statements were defamatory per se.

46. Alston has suffered actual damages to his reputation in an amount to be proven at trial.

47. Defendants intended to injure Alston, were motivated by spite or ill will, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that this conduct might significantly injure the plaintiff.

48. The statement were not privileged, not opinion, not truthful, and wholly unjustified.

49. The statements caused special damages, in that they substantially interfered with Plaintiff's employment opportunity with the Prairie Farms and his litigation in Alston Vs. Prairie Farm in Civil Action No.: 4: 16-cv-245-DMB-JMV.

50. As a result of the Defendants actions, plaintiff has suffer damages to his reputation, lost Wages, loss of ability to earn a living, hurt feelings, humiliation, and anxiety.

## COUNT II

### **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(Against All Defendants)

51. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

52. Defendants, by and through the making of such false, defamatory and libelous statements, behaved intentional and / or recklessly.

53. Defendants, by and through the making of such false, defamatory, and libelous statements, intended to cause emotional distress upon Mr. Alston.

54. The making of such false, defamatory, and libelous statements, by defendants. Was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

55. Plaintiff have suffered and continue to suffer severe emotional distress.

## COUNT III
## **CIVIL CONSPIRACY**
(Against All Defendants)

56. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

57. In addition to committing the underlying torts stated in the previous courts, Defendants agreed and worked together to achieve the common end of damaging Mr. Alston reputation and causing the plaintiff lose in a civil litigation in Alston vs. Prairie Farm in Civil Action No.: 4:16-cv-245-DMB-JMV with their false, defamatory and libelous statements.

## COUNT IV
## **RECKLESS/ RECKLESS CONDUCT/ RECKLESS ENDANGER**
(Against Defendant Prairie Farms)

58. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

59. Prairie Farms employee Mr. Riley under the supervision Mr. Smith intent to cause harm To the plaintiff, when he had the plaintiff working in raw sewage with no personal protection equipment (PPE) and inches away from a cover top that had Poison Do Not Touch and no PPE.

60. The risk of getting in raw sewage with no PPE and working around poison was unreasonable and the risk is substantially greater than negligent conduct.

61. One mistake could have cost the plaintiff his life. Mr. Riley knew that but still put the Plaintiff in harm's way.

11.

62. As a result of Prairie Farms action of having disregards for the plaintiff safety and the public safety, Mr. Alston is entitle to punitive damages separately from the other counts.

COUNT V

### PUNITIVE DAMAGES

(Against All Defendants)

63. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein

64. All the Defendants conduct in this matter was outrageous, including acts done with malice or bad motives.

65. All the Defendants conduct evidenced reckless indifference to the interest of another person. In order to punish and deter such wrongful conduct, all defendant should be ordered to pay punitive damages in an amount to be proven at trial.

66. Plaintiff suffered stress, anxiety, emotional distress, and loss of his good name as a result of the Defendant actions

### PRAYER FOR RELIEF

**Wherefore,** plaintiff prays for a judgment as follows:

1. That the Court order Defendant Prairie farms to reinstate Plaintiff employment;
2. That the Court grant front pay to the plaintiff;
3. That the Court grant back pay to the plaintiff;
4. That the Court grant plaintiff compensatory damages for humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant plaintiff punitive damages for Defendants' malicious and reckless indifferent conduct;

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees;

7. That the Court grant Plaintiff a jury trial; and

8. That the Court grant plaintiff all other relief deems just and proper.

Respectfully submitted this the ⎯20⎯ day of July, 2018.

Jason Alston, Plaintiff

By: Jason Alston
    Plaintiff as Pro Se

Jason Alston
223 Third Avenue
Kosciusko, Mississippi, 39090
Telephone: 662-739-5301
Email: babyheart1981@gmail.com

13.