IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON ALSTON                                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:18-cv-00157-DMB-JMV

PRAIRIE FARMS DAIRY, INC.
d/b/a Luvel
HAROLD LEROY PAPEN
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
BLYTHE K. LOLLAR
TIMOTHY W. LINDSAY                                                                     DEFENDANTS

# ORDER

Before the Court is Jason Alston's motion for recusal. Doc. #7.

## Relevant Procedural Background

Mr. Alston brought his first suit, in this court, against Prairie Farms on December 13, 2016, alleging violations of Title VII and 42 U.S.C. § 1981. *Alston v. Prairie Farms Dairy, Inc.*, No. 4:16-CV-245-DMB-JMV, 2018 WL 1800867, at *1 (N.D. Miss. Apr. 16, 2018). On April 16, 2018, the Court granted summary judgment in favor of Prairie Farms Dairy, Inc., and entered a final judgment dismissing the case with prejudice.[1]

In a post-judgment motion filed May 31, 2018, Alston sought to "[r]ecuse or [d]isqualify" District Judge Debra Brown and the undersigned pursuant to 28 U.S.C. §§ 144 and 455. *Alston v. Prairie Farms* at Doc. # 120. The motions were denied as wholly without merit. *Id.* at Doc. #147

---

[1] The case was vigorously litigated before the Court's entry of final judgment. After a full period of discovery, Alston moved for summary judgment on November 7, 2017. One week later, Prairie Farms moved for summary judgment.

and 148. The alleged impropriety Mr. Alston complained of in his former motion is the basis of his instant motion. This motion will also be denied as wholly without merit.

## Analysis

In his motion, Alston contends that recusal is warranted because of alleged events that occurred during the March 21, 2018, final pretrial/settlement conference in the previous case. In short, Alston claims that during the conference, the undersigned escorted Prairie Farms' attorney to District Judge Debra Brown's chambers where the attorney discussed with the District Judge then pending motions for summary judgment in the case. Alston also suggests the defense attorney was carrying a "large purse" that was "heavy" with what Alston implies was bounty of some sort.

Section 455(a) provides that "[a]ny … judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A recusal motion brought under § 455 is committed to the sound discretion of the district court. *Chitimacha Tribe*, 690 F.2d at 1166. "A judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding the judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 794 (5th Cir. 2012) (quotation marks and alterations omitted). In this context, a court should ask "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

Section 455 "is not intended to give litigants a veto power over sitting judges." *F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *6 (5th Cir. 2007) (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Furthermore, "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters do not form the basis of a successful recusal

motion." *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011) (quotation marks and alterations omitted).

Here, as in his previous motion, Alston's allegations speak for themselves and do not warrant any meaningful explanation or discussion, as they are clearly premised on his suspicion, speculation, and belief. *See DiGiustino v. SmarteCarte Co., Inc.*, No. 16-00192, 2018 WL 1440214, at *6–7 (D. Haw. Mar. 22, 2018).

Further, the Court is confident that a reasonable person, cognizant of all the relevant circumstances, would not question the undersigned's impartiality based on Alston's vague, utterly unsubstantiated, wildly speculative, and entirely false perceptions and beliefs.

Therefore, the undersigned declines to recuse herself from this matter, as "erroneous perceptions of reality and loosely based charges of partiality based on personal perceptions… do not warrant or justify recusal or disqualification." *In re AVN Corp.*, No. 98-20098, 1998 WL 35324198, at *3 (Bankr. W.D. Tenn. Dec. 8, 1998).

## **Conclusion**

Accordingly, Mr. Alston's [7] motion for recusal, insofar as it relates to the undersigned, is **DENIED**.

**SO ORDERED**, this Monday, October 22, 2018.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**