# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JASON ALSTON                                                                                                                     PLAINTIFF

V.                                           NO. 4:18-CV-157-DMB-JMV

PRAIRIE FARMS DAIRY, INC. d/b/a
Luvel; HAROLD LEROY PAPEN                                                     DEFENDANTS

## ORDER

Before the Court is Prairie Farms Dairy, Inc.'s motion to set aside the February 28, 2019, entry of default, Doc. #20; Jason Alston's motion for leave to file a surreply regarding the motion to set aside, Doc. #25; and Alston's motion for a default judgment against Prairie Farms, Doc. #23. Because nothing in Prairie Farms' reply justifies Alston's filing of a surreply, Alston's motion for leave will be denied and his surreply stricken. However, because good cause exists to set aside the default, Prairie Farms' motion to set aside the default will be granted.

## I
## Relevant Procedural Background

On November 16, 2018, Jason Alston, with leave of the Court,[1] filed an amended complaint against Prairie Farms Dairy, Inc. d/b/a Luvel, and Harold Leroy Papen. Doc. #14. On February 7, 2019, Alston filed a "Process Receipt and Return" representing that Prairie Farms was served on February 6, 2019. Doc. #16. Counsel for Prairie Farms entered an appearance on February 18, 2019. Doc. #17.

On February 28, 2019, the Clerk of the Court, on Alston's motion,[2] entered a default against

---
[1] Doc. #13.

[2] Doc. #18.

Prairie Farms. Doc. #19. The same day, Prairie Farms filed a motion[3] to set aside the default and for leave to file a proposed answer, which was attached as an exhibit. Docs. #20, #20-1. On March 4, 2019, Alston responded in opposition to the motion to set aside default, Doc. #21; and filed a motion for default judgment against Prairie Farms, Doc. #23. Also on March 4, Prairie Farms replied in support of its motion to set aside default. Doc. #24.

On March 11, 2019, Alston filed a motion for leave to file a surreply to Prairie Farms' reply in support of the motion to set aside default, Doc. #25; a surreply, Doc. #26; and a memorandum in support of his surreply, Doc. #27. One week later, Prairie Farms responded in opposition to the motion for default judgment, Doc. #28; Alston replied on April 2, 2019, Doc. #33.[4]

## II
## Discussion

### A. Alston's Motion for Leave to File Surreply

"While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage. However, surreplies are heavily disfavored by courts." *16 Front Street LLC v. Miss. Silicon, LLC*, 162 F. Supp. 3d 558, 560 (N.D. Miss. 2016) (internal citations, quotation marks, and alterations omitted).

Alston argues he should be granted leave to file a surreply because Prairie Farms' reply memorandum "cited different case law that was not mention[ed]" in its motion to set aside default. While Alston is correct that Prairie Farms' reply cites case law different from that cited in the

---

[3] Contrary to this Court's local rules, the motion contains citations to case law, and is not accompanied by a memorandum brief. *See* L.U. Civ. R. 7(b)(2)(B), 7(b)(4). Because this is the first motion filed by Prairie Farms' counsel in this case, these violations are excused this instance only. Counsel is warned that any future violations of the Court's procedural rules may result in the denial of relief sought and/or subject the filing to being stricken. *See* L.U. Civ. R 7(b)(4) "Failure to timely submit the required motion documents may result in the denial of the motion.").

[4] Alston's reply was filed April 2, 2019; the postmark date on the envelope in which it was mailed to the Clerk for filing is March 19, 2019.

motion, the reply did not raise a *new legal theory* or present new evidence. Even if it did, Alston's surreply does not mention much less address those authorities. Consequently, leave to file the surreply will be denied, and the surreply and supporting memorandum will be stricken.

### B. Prairie Farms' Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." "To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Const. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Because "[d]efaults are generally disfavored," a motion to set aside an entry of default should be granted "[u]nless it appears that no injustice results from the default …." *Id.*

#### 1. Willfulness

Although the good cause factors are non-exclusive, "[a] finding of willful default ends the inquiry …." *Id.* "A willful default is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). "The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) (citation omitted). Thus, when a defendant fails to explain the reason for its delay, a willful default is presumed. *Id.* Where a reason is offered, "perfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service … play a role in measuring the willfulness of [the] default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). In the absence of "a legitimate claim of prejudice that would arise from setting aside the default," a court should resolve all doubts in favor of the defaulting party. *Id.*

3

Prairie Farms contends it failed to timely answer the complaint because:

> Counsel for Defendant received notice of service of Plaintiff's Amended Complaint on February 16, 2019, and understood the date of service to have been February 15, 2019. Based on this service date, Defendant understood the deadline for filing a responsive pleading to be March 8, 2019. Plaintiff filed a return of service for Prairie Farms on February 7, 2019, showing a service date of February 6, 2019. Counsel for Defendant entered an appearance in this case on February 18, 2019, and therefore did not receive an ECF notice of the return of service.

Doc. #20 at 1–2.

While it appears the Fifth Circuit has not provided clear guidance on what type of conduct rises to the level of a willful failure to respond, it has provided guideposts for a court to make this determination. For example, it is clear that a litigant willfully defaults when it receives notice of a lawsuit but takes "no further action to respond or stay abreast of the status of the litigation …." *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018). This rule applies even if the defendant erroneously believes the complaint does not require an answer. *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). In contrast, a defendant does not act willfully when, despite its belief that no answer is required, it takes actions consistent with an intention to defend or resolve the suit. *See Lacy*, 227 F.3d at 292–93 (no willful default where "counsel for [defendant] made repeated contacts with [plaintiff] in an attempt to resolve the suit" and "made plain its intention not to agree to waiver of service"); *see also Groia*, 542 F.3d at 123–24 ("As the record reflects her contemporaneous intent to claim ownership of the Williamsburg residence, it would be quite strange for [the defendant] to willfully default when doing so would destroy her interest in the home.").

Based on the facts presented, and resolving all doubts in Prairie Farm's favor since Alston does not raise a claim of prejudice, the Court concludes that the default did not stem from an intentional failure to respond to the litigation but rather a miscommunication regarding the date of

service. The Court reaches this conclusion because Prairie Farm acted immediately to remedy the default and, like the defendant in *Lacy*, took steps consistent with an intention to defend the suit—having its attorney enter a notice of appearance. While the failure may be considered neglectful, it was not willful. Accordingly, the first factor weighs in favor of setting aside the default.

### 2. Prejudice

Alston does not contend that he would be prejudiced if the default is set aside. And, given that Alston requested and obtained the entry of default one day after Prairie Farms' response to the amended complaint was due, and that Prairie Farms moved to set aside the default the same day it was entered, the Court's finds no prejudice to Alston would result.

### 3. Defense

Finally, based on the claims Alston alleges against Prairie Farms in his amended complaint and the defenses Prairie Farms asserts in its proposed answer, the Court concludes that Prairie Farms' defenses appear to be of merit as to most if not all of Alston's claims.[5] On balance, this Court finds good cause exists to set aside the default.

## III
## Conclusion

Alston motion for leave to file a surreply [25] is **DENIED**. Accordingly, Alston's separately-filed surreply [26] and memorandum in support [27] are **STRICKEN**.

Prairie Farms' motion to set aside the February 28 entry of default [20] is **GRANTED**. Accordingly, the February 28 entry of default [19] is **SET ASIDE**. Prairie Farms may file the answer [20-1] attached as an exhibit to its motion to set aside within seven (7) days of this order.

---

[5] Alston's 16-page amended complaint alleges claims for defamation, intentional infliction of emotional distress, civil conspiracy, and "reckless/reckless conduct/reckless endanger," in association with statements Prairie Farms made in filings in an action brought by Alston against Prairie Farms in this federal court district, which action was ultimately dismissed with prejudice. *See Alston v. Prairie Farms Dairy, Inc.*, No. 4:16-cv-245, 2018 WL 1800867 (N.D. Miss. Apr. 16, 2018).

Finally, Alston's motion for a default judgment against Prairie Farms [23] is **DENIED as moot**.

**SO ORDERED**, this 28th day of June, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**