**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

JASON ALSTON                                                                                    PLAINTIFF

V.                                                                              NO. 4:18-CV-157-DMB-JMV

PRAIRIE FARMS DAIRY, INC. d/b/a
Luvel; HAROLD LEROY PAPEN                                                        DEFENDANTS

**ORDER**

Before the Court is Harold Papen's motion to dismiss. Doc. #30.

**I**
**Procedural Background**

On November 16, 2018, Jason Alston, with leave of the Court, filed an amended complaint against Prairie Farms Dairy, Inc. d/b/a Luvel, and Harold Leroy Papen. Docs. #13, #14. The certificate of service accompanying the amended complaint represents that it was mailed to Papen "by United States mail" to "his/her last known address" at a location in Edwardsville, Illinois. Doc. #14 at 16. On March 20, 2019, Alston filed a Process Receipt and Return reflecting that a United States Marshal personally served "Chad Zoelzer, Director of HR." Doc. #29. On April 1, 2019, Papen filed a motion to dismiss for ineffective service.[1] Doc. #30. Alston responded to the motion on April 8, 2019. Doc. #34. No reply was filed.

**II**
**Analysis**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not

---

[1] Contrary to the requirements of the Local Rules, Papen attached the supporting memorandum as an exhibit to the motion. *See* Doc. #30-1; L.U. Civ. R 7(b).

properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

> Pursuant to Rule 4(e):
>
> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Alston submits that service on Papen was completed by personal service on Chad Zoelzer.[2] *See* Doc. #34 at PageID #295.

Ordinarily, "[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011). Because Papen has offered no evidence, much less strong and convincing evidence, that the service was invalid, he has not rebutted the presumption. His motion to dismiss therefore must be denied.

---

[2] Although less than clear, it does not appear that Alston contends service was completed by mailing the amended complaint. Such service would fall under the ambit of Rule 4(e)(1) but Alston does not reference the law of either Illinois (the state where service was allegedly made) or Mississippi (the state where this action was brought). Furthermore, it does not appear Alston sent a copy of the summons with the amended complaint.

## III
## Conclusion

For the reasons above, Papen's motion to dismiss [30] is **DENIED**.

**SO ORDERED**, this 4th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**