**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JASON D. ALSTON**                                                                    **PLAINTIFF**

**V.**                                                             **NO. 4:18-CV-157-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC.,
d/b/a Luvel; HAROLD LEROY
PAPEN**                                                                    **DEFENDANTS**

**ORDER**

Before the Court are the plaintiff's motion for summary judgment, Doc. #70; the defendants' motion for summary judgment, Doc. #71; and the plaintiff's motion for continuance, Doc. #80. Because these motions all are procedurally deficient, all will be denied without prejudice.

**I
Procedural History**

On November 16, 2018, Jason D. Alston, with leave of the Court,[1] filed an amended complaint against Prairie Farms Dairy, Inc. d/b/a Luvel, and Harold Leroy Papen. Doc. #14. On February 3, 2020, United States Magistrate Judge Jane M. Virden entered a case management order which set a July 1, 2020, discovery deadline and a July 31, 2020, dispositive motion deadline. Doc. #52 at PageID 382–83. Alston filed a motion for summary judgment on July 30, 2020. Doc. #70. The next day, the defendants filed a motion for summary judgment. Doc. #71. Both motions are fully briefed. *See* Docs. #72, #74, #75, #77, #78. The briefing includes an unauthorized surreply filed by Alston opposing the defendants' summary judgment motion. Doc. #79.

On October 15, 2020, Alston filed "Plaintiff's Motion for Continuance," representing that

---

[1] Doc. #13.

he "has not had a reasonable opportunity to conduct discovery." Doc. #80. The defendants responded in opposition, Doc. #81, and Alston replied, Doc. #82.

## II
## Procedural Violations

The two motions for summary judgment and the motion for continuance all violate this Court's Local Rules[2] in one or more ways.

Alston's nine-page motion for summary judgment exceeds the page limit for motions, and contains legal arguments and citations. *See* L.U. Civ. R. 7(b)(2)(B) ("[A] motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority."). Each exhibit in support of Alston's summary judgment motion is immediately preceded by a single title page but each title page contains only the exhibit number and fails to include a meaningful description of the exhibit.[3] *See* L.U. Civ. R. 7(b)(2) ("All supporting exhibits must be denominated … by both an exhibit letter or number and a meaningful description."). Alston further failed to file a separate memorandum brief in support of his summary judgment motion,[4] and did not file a separate memorandum brief in support of his motion for continuance.[5] *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served … counsel for movant must file a memorandum brief in support of the motion."). Failure to file the required memorandum brief alone is sufficient grounds to deny both motions. *See id.*

---

[2] The Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi are available at https://www.msnd.uscourts.gov/forms/uniform-local-civil-rules.

[3] Because Alston is pro se, his motion and exhibits were sent to, and filed by, the Clerk's Office. The exhibits were filed as one document, not separately.

[4] Alston's motion for summary judgment contains an "Argument and Authorities" section but as explained above, the inclusion of such is contrary to Local Rule 7(b)(2)(B).

[5] Alston's motion for continuance is both skeletal and vague. Without a memorandum brief, the Court is unable to determine whether the motion seeks to extend the discovery deadline pursuant to Federal Rule of Civil Procedure 16(b)(4), or seeks to conduct summary judgment discovery under Rule 56(d), or both.

("Failure to timely submit the required motion documents may result in the denial of the motion.").

The defendants' motion for summary judgment is two pages in length but attaches as one of its exhibits a three-page "Statement of Undisputed Material Facts."[6] Doc. #71-1. Neither the Local Rules of this Court nor the Federal Rules of Civil Procedure contemplate the filing of a separate itemization of facts. *Automation Design & Sols., Inc. v. Yeliseyev*, No. 3:08-cv-589, 2012 WL 12974010, at *4 (S.D. Miss. Feb. 29, 2012). Such filings provide an avenue for circumventing the page limits imposed by the Local Rules. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-cv-5, 2013 WL 6019303, at *15 (S.D. Miss. Nov. 13, 2013) (statement of facts in motion deemed attempt to circumvent page limits).

Alston filed a surreply to the defendants' summary judgment motion, which includes a "Separate Statement of Disputed Material Facts." Doc. #79. A surreply may be appropriate "when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage. However, surreplies are heavily disfavored by courts." *16 Front Street LLC v. Miss. Silicon, LLC*, 162 F. Supp. 3d 558, 560 (N.D. Miss. 2016) (cleaned up). Because the Federal Rules do not expressly authorize a surreply, a nonmovant must seek leave to file one. *Id.* Alston failed to do so here. And, for the same reasons explained above, a separate statement of material facts is inappropriate.

Because of the procedural deficiencies described above, these pending motions will be denied without prejudice. However, the parties will be allowed a period of time within which to refile their motions in accordance with the Local Rules.

---

[6] The other two exhibits attached to the motion—a 12-page declaration, Doc. #71-2, and a 27-page "Amended Complaint from Prior Litigation," Doc. #71-3—are described as being exhibits to the statement of undisputed material facts.

### III
### <u>Conclusion</u>

The plaintiff's motion for summary judgment [70], the defendants' motion for summary judgment [71], and the plaintiff's motion for continuance [80] are all **DENIED without prejudice**. Within fourteen (14) days of this order, the parties may refile these motions in accordance with the Court's Local Rules.

**SO ORDERED**, this 3rd day of December, 2020.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**